# EXHIBIT C

| | | |
|---|---|---|
| VASILIOS D. KIRITSIS<br>JENNIFER L. KIRITSIS<br>401 Bering Rd.<br>Ocean City, MD 21843 | * | IN THE |
| | * | CIRCUIT COURT |
| | * | FOR |
| v. | * | WORCESTER COUNTY |
| STEWART TITLE GUARANTY COMPANY<br>1360 Post Oak Blvd.<br>Houston, TX 77056 | * | MARYLAND |
| | * | C-23-CV-23-000124 |
| Serve on:<br>The Corporation Trust, Incorporated<br>Resident Agent<br>2405 York Road, Suite 201<br>Lutherville/Timonium MD 21093 | * | CASE NO. _____ |
| | * | |
| | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR DECLARATORY
## JUDGMENT AND BREACH OF CONTRACT

Plaintiffs, Vasilios D. Kiritsis and Jennifer L. Kiritsis, by and through their undersigned counsel, hereby sues Defendant Stewart Title and Guaranty Company for declaratory relief and breach of contract and avers in support of their claims as follows:

### PARTIES

1. Plaintiffs, Vasilios D. Kiritsis and Jennifer L. Kiritsis (the "Kiritsis"), are residents of the Commonwealth of Pennsylvania.

2. Defendant Stewart Title and Guaranty Company ("Stewart") is a title underwriter with a principal place of business in Texas that issues and underwrites title insurance policies throughout the United States of America, including in Maryland, either directly or through its agents.

1

## JURISDICATION AND VENUE

3. This court has jurisdiction over this matter pursuant to Md. Cts. & Jud. Proc. Code Ann. § 6-102.

4. Venue is proper pursuant to Md. Cts. & Jud. Proc. Code Ann. § 6-201.

5. This is an action for declaratory judgment pursuant to Md. Code Ann. Cts. & Jud. Proc. § 3-406, *et seq.* for the purpose of determining the rights and liabilities of the Parties pursuant to a title insurance policy identified below, and declaring that Stewart Title has a duty to defend, indemnify and clear title to a third-party claim challenging the marketability of Plaintiff's title to real property, among other controversies to be resolved as further described below.

## FACTS COMMON TO ALL COUNTS

6. On or about December 17, 2020, the Kiritsis acquired title to a property located in the Town of Ocean City, Maryland with an address of 401 Bering Rd. (the "Property") by Deed recorded among the Land Records of Worcester County at Liber 7882, Page 237 (the "Deed").

7. In connection with their purchase of the Property, at closing the Kiritsis purchased an owners' title insurance policy from Stewart, issued on ALTA Homeowners Policy (2010) form, Policy No. O-9281-000580527 (the "Title Policy").

8. Pursuant to Schedule A of the Title Policy, the legal description of title that Stewart insured is as follows:

> All those lots or parcels of land lying and being situate in the Town of Ocean City, in the Tenth Tax District of Worcester County, Maryland, designated and described as Lots Nos. 1, 2 and 3, in Block "E", as shown on the Revised Plat No. 1 of Oceanbay City, dated December 1955, and recorded among the Land Records of Worcester County, Maryland, in Plat Book E.W.R. No. 2, folio 15; and as shown on exhibit A of Deed recorded as aforesaid in Liber R.H.O. No. 1950, folio 14, et seq.

(the "Insured Title").

9. In or about February 14, 2023, the Kiritsis entered into a Contract of Sale to sell the Property to a developer who intended to construct three separate residential dwellings on Lots 1, 2 & 3 of the Property.

10. In connection with the Kiritsis' plan to sell the Property, the Director of the Department of Planning and the Zoning Administrator for the Town of Ocean City confirmed in writing that, based on the Insured Title of record, the minimum lot area requirements of the Zoning Code shall not apply to Lots 1, 2 and 3 because they legally existed prior to January 19, 1993 and they each are separate buildable residential lots.

11. On or about March 22, 2023, the Kiritsis received a letter from an attorney representing the owner of adjacent property, 403 Bering Road, who asserted that the Property could not be developed with three separate residential dwellings under Ocean City's Zoning Code, and that the Property could only accommodate a single dwelling (the "Neighbor's Claim").

12. The Neighbor's Claim is based on a position that is contrary to that of the Director of the Department of Planning and the Zoning Administrator and the Kiritsis maintain that it is without factual or legal basis and is being asserted simply because the neighbor does not wish for the Property to be developed with three dwellings.

13. In connection with the anticipated closing on the sale of the Property, the contract purchaser of the Property sought to obtain a title insurance policy from Stewart, but Stewart refused to issue an owner's title policy to the contract purchaser without excepting to the Neighbor's Claim.

14. As a result of Stewart's refusal to issue a title policy without exception to the Neighbor's Claim, the Kiritsis are unable to convey title to the Property to the contract purchaser free and clear of all liens, claims and encumbrances as required by the terms of the Contract of Sale and the closing is on hold until the Neighbor's Claim is resolved.

15. As a result of the Neighbor's claim, the Property is unmarketable.

16. The Kiritsis submitted a claim to Stewart under the Title Policy demanding that Stewart defend the Kiritsis' marketability of title to the Property by bringing a declaratory judgment action seeking a ruling that the Neighbor's Claim is invalid or, alternatively, issuing a title insurance policy to the contract purchaser without excepting to the Neighbor's Claim.

17. Stewart has denied the Kiritsis' claim for a defense of its Insured Title and for coverage under the terms of the Title Policy.

## COUNT I: DECLARATORY JUDGMENT

18. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein below.

19. Under Maryland law, "[t]itle insurance protects property holders against loss or damage resulting from defects or unmarketability in the title of property held by the insured." *See Back Creek Partners, LLC v. First American Title Ins. Co.*, 213 Md. App. 703, 712 (2013). A marketable title is defined as a title without encumbrances and free from reasonable doubt as to any question of law or fact that may call it in question in the future and subject the purchaser to the hazard of litigation. *See Garner v. Union Trust Co. of Md.*, 185 Md. 386, 389 (1945). "In other words, a title, to be marketable, must be one which a reasonably intelligent purchaser, who is well informed as to the facts, would be willing to accept in the exercise of ordinary business prudence." *Id.*, at 390.

20. Moreover, Maryland law provides that "[i]f the claim did potentially come within the policies' substantive coverage, [the title company's] duty to defend normally would attach." *See Back Creek Partners, supra,* at 711. In this manner, "[t]itle insurance can also serve as 'litigation insurance,' to the extent that the policy requires the insurer to defend the policy holder from attacks by third parties against the insured title." *Id.*, at 712 (citation omitted). Thus, "an insurer's duty to defend is based on whether the allegations of the complaint potentially bring the claim within the policy's coverage...[,] even where the action against the insured is frivolous." *Id.*, at 714 (citations omitted).

4

21. Thus, even where a title insurer has a legitimate basis to deny coverage under its obligation to indemnify its insured for a loss, the title company has a contractual obligation to clear the title defect within a reasonable time, including a claim that renders title unmarketable. *See Stewart Title Guar. Co. v. West,* 110 Md. App. 114, 129 (1996).

22. There exists a material dispute between the parties regarding whether Stewart has a contractual obligation to defend the Kiritsis' Insured Title that permits Lots 1, 2 & 3 to be developed with three residential dwellings from the Neighbor's Claim, which prohibits the Kiritsis from conveying title to the Property to the contract purchaser free and clear of all liens, claims and encumbrances, which has rendered their title unmarketable.

23. There exists an actual controversy of a justiciable issue between the parties within the jurisdiction of this Honorable Court, involving the rights and liabilities of the parties under the Title Policy (hereinafter the "Dispute").

24. The nature and quality of the Dispute results in antagonistic claims being present between the parties. These claims indicate imminent and inevitable litigation.

25. A declaratory judgment will terminate the controversies between the parties.

26. In the event the Court determines that the Title Policy obligates Stewart to defend the Kiritsis' Insured Title from the Neighbor's Claim, Plaintiffs seek, *inter alia,* an order directing Stewart to take such action as necessary to remove the Neighbor's Claim as a defect to the marketability of the Property or to compensate the Kiritsis for their losses associated with the unmarketability of title to the Property.

**WHEREFORE**, Plaintiffs Vasilios D. Kiritsis and Jennifer L. Kiritsis respectfully request that this Honorable Court determine and adjudicate the rights and liabilities of the parties in regard to the Title Policy as follows:

    i.) Declare that the Title Policy requires Stewart to defend the Kiritsis' Insured Title from the Neighbor's Claim and that Stewart clear title to the Insured

Title within a reasonable time or to pay the Kiritsis for their loses; and

ii.) Award such other and further relief as the nature of Plaintiffs' cause may warrant.

## COUNT II: BREACH OF CONTRACT

27. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein below.

28. The Kiritsis and Stewart entered into a contractual agreement in the form of the Title Policy whereby Stewart agreed to insure the Kiritsis' Insured Title, including the marketability of the Kiritsis' title to the Property.

29. As a result of the Neighbor's Claim, the Kiritsis are unable to convey title to the contract purchaser free and clear of the Neighbor's Claim, i.e., with the right to develop the Property with three separate residential dwellings on Lots 1, 2 & 3, as non-conforming with the minimum lot area requirements under the current Ocean City Zoning Code, as confirmed by the Director of Planning and Zoning Administrator for the Town of Ocean City.

30. Stewart has denied the Kiritsis' claim for coverage under the Title Policy, including a demand that Stewart defend the Kiritsis' marketability of title to the Property by filing a declaratory judgment seeking a court ruling that the Neighbor's Claim is wrong and invalid, thus breaching the terms of the Title Policy.

31. As a result of Stewart's breach of contract, the Kiritsis have suffered damages.

32. The Kiritsis' damages are causally related to Stewart' breach of contract and were foreseeable.

**WHEREFORE**, Plaintiffs Vasilios D. Kiritsis and Jennifer L. Kiritsis respectfully request that this Honorable Court enter judgment in favor of Plaintiffs and award money damages against Defendant Stewart Title and Guaranty Company, for an amount exceeding

$75,000, as to be determined at trial; and award such other and further relief as the nature of Plaintiffs' cause may warrant.

                          Respectfully submitted,

                          */s/Kevin J. Pascale*
                          Kevin J. Pascale, Esquire
                          AIS: 921217024
                          */s/Meighan G. Burton*
                          Meighan G. Burton, Esquire
                          AIS:0512140002
                          Pascale Stevens, LLC
                          2700 Lighthouse Pointe E, Ste. 500
                          Baltimore, Maryland 21224
                          (443) 863-5748
                          (443) 863-5751 (fax)
                          kpascale@pascalestevens.com
                          mburton@pascalestevens.com

                          *Attorneys for Plaintiffs*